UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

RONNY MORANTUS,

    Defendant.

------------------------------------------------------X

09 CR 1177 (CM)

SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ FILED: 9/13/2023

McMahon, J.:

    Defendant Ronny Morantus has filed a motion to have the record of his 2010 felony conviction—for selling a stolen United States Treasury check—sealed. Defendant says that despite his "sincere efforts to rehabilitate and reintegrate into society," his felony record has limited his employment opportunities, "hindering [his] ability to support himself and contribute to society in a way that reflects [his] true potential."

    Defendant's motion utilizes a form used in New York State courts for requesting the sealing of prior convictions, pursuant to CPL § 160.59. *See* ECF Doc. 35. Defendant, no doubt, used the state court form motion because there is no procedure or mechanism in federal court for sealing federal felony convictions for the reason defendant requests. Indeed, federal district courts do not have subject matter jurisdiction to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress. *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).[1] Nor can federal district courts exercise ancillary jurisdiction to expunge or seal

---

[1] In *Doe*, the Second Circuit acknowledged "Congress has previously authorized district courts to expunge lawful convictions under certain limited circumstances" including, for example, 18 U.S.C. § 3607(c) which provides "upon the application of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years old at the time of the offense, 'the court shall enter an expungement order' expunging all public 'references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof.'" *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (citing 18 U.S.C. § 3607(c)).



9/13/2023

records of a valid conviction. *Id*. at 197. Accordingly, there is no basis to grant the relief requested.

Defendant's motion to seal his prior conviction is denied. The Clerk is to terminate the motion at ECF Doc #35.

September 13, 2023

Colleen McMahon
U.S.D.J.

By ECF and First Class Mail To:

Ronny Morantus
2176 Kay Avenue
Union, NJ 07083